UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JANISKEE,

       Plaintiff,                                      Hon. Paul L. Maloney

v.                                                    Case No. 1:23-cv-848

VERTAFORE, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Pro se Plaintiff Douglas Janiskee filed a complaint on or about February 24, 2023, in the State of Michigan 33rd Judicial Circuit Court for the County of Charlevoix. Janiskee sued Defendants Vertafore, Inc., his former employer; Roper Technologies, Inc., apparently Vertafore's parent; and Justin Phillips. (ECF Nos. 1 and 1-1.) It appears that Janiskee asserted only state-law claims in his original complaint. On or about July 25, 2023, Janiskee filed a First Amended Complaint that included a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* (ECF No. 1-2 at PageID.88.) Defendants removed the case to this Court on August 14, 2023, alleging federal question jurisdiction under 28 U.S.C. § 1331—specifically, the FMLA claim—as the basis for removal. (ECF No. 1 at PageID.3.)

      Presently before me is Janiskee's Motion to Remand or, Alternatively, for Leave to Amend. (ECF No. 11.) For the reasons that follow, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED IN PART AND DENIED IN PART**. More specifically, I recommend that the Court **deny** the motion to remand but **grant** the motion to amend as set forth below.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removal in this case was clearly proper as Janiskee expressly asserts a claim arising under federal law, namely, the FMLA. *See Metroka-Cantelli v. Postmaster Gen.*, No. 3:12 CV 242, 2013 WL 5939776, at *2 (N.D. Ohio Nov. 5, 2013) (court had subject matter jurisdiction over two claims, including the FMLA claim, because both claims arose under federal law); *Smith v. Theramatrix, Inc.*, No. 05-70736, 2006 WL 1328860, at *1 (E.D. Mich. May 15, 2006) (case properly removed to federal court based on the plaintiff's FMLA claim).

Janiskee's arguments for remand lack merit. First, Janiskee's reliance on the procedural bar to removal by an in-state defendant (here, Phillips) under 28 U.S.C. § 1441(b)(2) is misplaced, as that provision expressly limits its application to removals based on diversity jurisdiction under 28 U.S.C. § 1332(a). *See Ventura v. Central Bank*, No. 5:14-338, 2015 WL 65139, at *3 (E.D. Ky. Jan. 5, 2015) (noting that "[a] resident defendant cannot remove an action based upon federal court diversity jurisdiction") (citing 28 U.S.C. § 1441(b)(2)); *Federal Nat'l Mortg. Ass'n v. Stanton*, No. 1:09-cv-401, 2009 WL 2243014, at *1 (W.D. Mich. July 22, 2009) (removed case did not include claim arising under federal law and removal based on diversity jurisdiction was improper under 28 U.S.C. § 1441(b) because the defendant was a Michigan resident). Second, Defendants did not invoke the substantial-federal-question doctrine in removing the case to this federal court. The doctrine, which is implicated when a state-law claim raises a substantial federal question, *see Gunn v. Minton*, 568 U.S. 251, 258 (2013), is not at issue here. This is because "federal law creates the

2

cause of action asserted." *Id.* at 257 (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).

As noted, as an alternative to remand, Janiskee requests leave to amend his complaint. He requests leave to amend in order to "frame the FMLA facts as defenses" to Defendants' assertions that he quit his job. (ECF No. 11 at PageID.302.) As I understand Janiskee's argument, he contends that, if his assertion that he was on FMLA leave is raised as a defense rather than as a claim, the Court may properly remand the case to state court. While Janiskee may rebut Defendants' assertion that he quit by asserting that he was on approved FMLA leave, the argument is merely a rebuttal and not a defense, as Janiskee is the plaintiff in the case. Nonetheless, he may raise the argument without expressly asserting an FMLA claim. In any event, because Janiskee recognizes that "he might not really have much of an FMLA claim" (*id.*), I recommend that the Court grant Janiskee **14 days** to amend his complaint to omit his FMLA claim or, alternatively, to stipulate to dismiss the claim with prejudice. In the event Janiskee dismisses the FMLA claim by amendment or stipulation, I further recommend that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and remand the state-law claims to state court.

Dated: August 23, 2023                     /s/ Sally J. Berens
                                           SALLY J. BERENS
                                           U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).